UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
)
) Case No. 14 B 21547
PHILLIP A. KOSANOVICH AND )
LAUREL J. KOSANOVICH, )
)
) Chapter 7
Debtors. )
)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF LAKELAW, ATTORNEYS FOR TRUSTEE, FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $2,291.00 | TOTAL COSTS REQUESTED: | $58.88 |
| TOTAL FEES REDUCED: | $297.25 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $1,993.75 | TOTAL COSTS ALLOWED: | $58.88 |

### TOTAL FEES AND COSTS ALLOWED: $2,052.63

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(2) **Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

(7) **Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman,* 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

**(12) Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated: June 16, 2015

Eugene R. Wedoff
United States Bankruptcy Judge

| PHASE | BILL DATE | STAFF | DESCRIPTION | RATE | DURATION | TOTAL |
|---|---|---|---|---|---|---|
| 1.01 | 07/24/14 | BRAND | Multiple email correspondance with Debtors' Attorney regarding valuation of wedding ring, wedding bands and shot gun and appraisals of the same | $425.00 | 0.20 | $85.00 |
| 1.01 | 07/28/14 | BRAND | Email correspondance to Trustee regarding proposed offer in connection with appriasal, exemptions and outstanding issuies and disputes | $425.00 | 0.10 | $42.50 |
| 1.01 | 07/28/14 | THOMAS | Review and responded to email correspondance from Debtors' attorney regarding appraisals and amended B and C. Analyze appraisals of jewelry and shot gun as well as Amended Schedule B and C. | $175.00 | 0.20 | $35.00 |
| 1.01 | 07/30/14 | THOMAS | Receive email from JTB to work with trustee to conduct analysis of offer and exemptions to determine whether offer is acceptable. | $175.00 | 0.10 | $17.50 |
| 1.01 | 12/30/14 | THOMAS | Sent email to debtors' attorney to provide copy of debtors' 2013 tax return | $175.00 | 0.02 | $3.50 |
| **1.01 Total** | | | | | 0.62 | $183.50 |
| 1.05 | 12/09/14 | THOMAS | Anaylize and review claims filed for possible objections. Email correspondance to attorney for objection to claim no. 7 | $175.00 | 1.00 | $175.00 |
| 1.05 | 01/05/15 | GREEN | Review email from A. Thomas re objection to claim no. 7; review docket; review claim and lease documents attached thereto; review §365(p) and 365(d); review reaffirmation agreement; prepare draft of objection to claim; prepare draft order; revisions and proofing; prepare email to A. Thomas. ⑦ | $450.00 | 0.90 | $405.00  -40.50 |
| 1.05 | 03/06/15 | THOMAS ⑫ | Prepare document for filing, e-file and serve Objection to Claim No. 7 | $175.00 | 0.20 | $35.00  -35.00 |
| 1.05 | 03/12/15 | STORER | Court appearance re Objection to Claim No. 7 of Acura Financial | $325.00 | 0.40 | $130.00 |
| **1.05 Total** | | | | | 2.50 | $745.00 |
| 1.07 | 09/10/14 | BRAND | Prepare Draft Motion to Employ Lakelaw | $425.00 | 0.30 | $127.50 |

-75.50

| Task | Date | Person | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| 1.07 | 09/12/14 | BRAND ⑦ | Revise and proof motion to employ Lakelaw, together with declaration and draft order; prepare email to A. Thomas and arrange for filing and service. | $425.00 | 0.10 | $42.50 −4.25 |
| 1.07 | 09/12/14 | THOMAS ⑫ | Prepared document for filing, e-file and serve Application to Employ Lakelaw | $175.00 | 0.10 | $17.50 −17.50 |
| 1.07 | 03/12/15 | THOMAS | Prepare Draft of Lakelaw's Fee Application | $175.00 | 0.70 | $122.50 |
| 1.07 | 03/12/15 | ZUNIGA ② | Review and revise Lakelaw's Fee Application | $325.00 | 0.40 | $130.00 −130.00 |
| **1.07 Total** | | | | | 1.60 | $440.00 |
| 1.10 | 09/10/14 | BRAND | Prepare Draft Motion to Sell Estate's Interest | $425.00 | 0.60 | $255.00 |
| 1.10 | 09/12/14 | BRAND | Revise and proof motion to approve settlement draft order; prepare email to A. Thomas and arrange for filing and service. | $425.00 | 0.10 | $42.50 |
| 1.10 | 09/12/14 | THOMAS | Email correspondance received from Debtors' attorney confirming receipt of settlement funds and reply to same | $175.00 | 0.10 | $17.50 |
| 1.10 | 09/12/14 | THOMAS ⑫ | Prepared document for filing, e-file and serve Motion to Sell or Lease Property under 363(b) | $175.00 | 0.20 | $35.00 −35.00 |
| 1.10 | 10/08/14 | THOMAS ⑫ ⑦ | Draft Amended Motion to Sell, Prepared document for filing, e-file and served Amended Motion to Sell | $175.00 | 0.20 | $35.00 −3.50 |
| 1.10 | 10/14/14 | STORER | Attend Court re Motion to Sell | $325.00 | 0.80 | $260.00 |
| 1.10 | 11/05/14 | THOMAS | Draft renotice of motion, prepare document for filing, e-file and served renotice of motion | $175.00 | 0.10 | $17.50 |
| 1.10 | 11/26/14 | STORER | Attend Court re Motion to Sell | $325.00 | 0.80 | $260.00 |
| **1.10 Total** | | | | | 2.90 | $922.50 |
| **Grand Total** | | | | | 7.62 | $2,291.00 |

−221.75